**David COZAD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-ant in Error.**

**No. A–16772.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1971.

Rehearing Denied Dec. 10, 1971.

Tom R. Cornish, Cornish & Cornish, Mc-Alester, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Crowe, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

David Cozad, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Pittsburg County, Oklahoma to the offense of Assault with a Deadly Weapon; judgment and sentence was deferred for eighteen months. Thereafter, the State filed an application to accelerate sentencing, and upon hearing of such, the defendant was sentenced to one year in the state penitentiary, with the last nine months suspended, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The defendant asserts three propositions of error, only one of which we deem necessary to discuss in this opinion. The de-

fendant contends that the State's use of a constitutionally defective and infirm conviction of a misdemeanor conviction of Public Drunk as a basis to accelerate sentencing is violative of the statutory law of the State of Oklahoma and of the Constitutions of the State of Oklahoma and the United States of America.

The record reflects that on May 28, 1970, the defendant, with counsel, knowingly and voluntarily entered a plea of guilty to the offense of Assault with a Deadly Weapon; judgment and sentence was deferred for eighteen months under the conditions as follows:

"The conditions and terms are that you shall obey all the laws of the State of Oklahoma and the ordinances of the various cities. You shall not be permitted to go in, or to loiter in, beer joints or other places where law violators tend to accumulate.

You will not be permitted under any circumstances, to associate with ex-convicts, or with disreputable characters of either sex."

The defendant was thereafter arrested for being "a public drunk," wherein the State filed an application to accelerate sentencing. At the acceleration hearing, Deputy Watson testified that on the evening of December 12th, he observed the defendant sitting in his car in the parking lot of the VFW Club in an intoxicated condition. He testified that he arrested the defendant and took him to the county jail. Watson was subsequently recalled and testified that the parking lot in question was a public place, and that the VFW Club was a place where law violators tend to accumulate.

Deputy Staples testified that he was serving in the capacity of a jailer when Deputy Watson brought the defendant to the county jail. He testified that in his opinion the defendant was intoxicated.

Vernon Bee testified for the defendant that he was a bail bondsman, and that he visited with the defendant in the county jail the day after he was arrested. He had agreed to make the defendant's bond if the defendant would make a signed statement to the effect that he would plead guilty as charged. The defendant executed the necessary statement and Mr. Bee made his bail. The following Monday, Bee went to the Court Clerk's office with the defendant's signed statement, and paid the defendant's fine and costs.

We agree with the defendant's contention that the charge of public drunk was invalid, in that a bail bondsman does not have the authority to enter pleas of guilty for a defendant, regardless of the fact that he had a signed statement from the defendant to the effect that he desired to enter a plea of guilty. 22 O.S.1961, §§ 514 & 516.

It is apparent from the record that the trial court disregarded the defendant's alleged plea of guilty to the drunkenness charge, wherein he stated as follows:

"I don't go with you that it is a simple misdemeanor, in possession of a car with the motor running in an intoxicating condition, at the same time I am telling you that I am striking from my mind and from the record all of the evidence about the plea of guilty on the public drunk because I don't know of any statute that rule of law that would permit a man to go before Mr. Bee and enter a plea of guilty so—

CORNISH: Your Honor, it was shown that there were some type of coercion used in that thing that was signed at the county jail—

COURT: That's what I say, I am ignoring that completely—

CORNISH: Well, doesn't it go to the, it is fundamentally error, Your Honor, that the conviction is constitutionally infirmed and defective—

COURT: Well, I have held that, I am striking it out." (TR 36)

"THE COURT: Well, I have ruled out his plea of guilty on that because it was before the wrong person." (TR 42)

"COURT: I am not talking about the conviction, I am talking about the sus-

pension whether or not in the conscience of the Court who rendered this sentence, this man has violated in the provisions thereof.—" (TR 43)

We are of the opinion that there was sufficient evidence presented to the trial court to justify the trial court's accelerating defendant's sentence.

The testimony reflected that the defendant was in an intoxicated condition in a parking lot of a place frequented by unsavory characters. Title 22 O.S.Supp. 1970, § 991c, provides in part:

"Upon violation of the conditions of probation, the court may enter a judgment of guilt and proceed as provided in Section 1 of this act. * * *"

The judgment and sentence is, accordingly, affirmed.

BRETT, J., concurs.

NIX, J., not participating.

